# PEDRO FORTEZA Y PENA
## *v.*
# JUAN PRINCIPE Y VASQUEZ ET AL.

---

### PLEA IN BAR—LOCAL MORTGAGE LAW.

1. At common law, if a court has jurisdiction of the parties and of the subject-matter, and there may be a trial on the merits, defenses to a foreclosure suit if not set up in time are barred, and a judgment in such a suit is a bar to another suit.

2. A plea of *res judicata* based upon a judgment in an action in an insular court to foreclose a mortgage is, however, not sufficient, as such a judgment is but a summary one; and the local law provides that a declaratory suit may still be brought.

May 30, 1903.

---

*Mr. C. M. Boerman* for complainant.

*Messrs. Dexter & Hord* for defendants.

HOLT, Judge, delivered the following opinion:

The bill in this case avers that the complainant, being the holder and owner of a mortgage on certain real estate, and the defendant Juan Principe y Vasquez, claiming to have purchased it from the mortgagor, by frauds, duress, and threats compelled the complainant to execute a deed by which he canceled his mortgage, and purchased the property from said defendant, and executed to said defendant a mortgage thereon for the purchase

Forteza y Pena v. Principe y Vasquez.

money; also that subsequently said defendant began proceedings in the insular district court to foreclose the mortgage thus obtained, and, without a hearing on the part of the complainant, obtained a judgment of foreclosure. The bill and relief asked prays a cancelation of the writing thus obtained, leaving complainant's mortgage in force. A plea is filed setting up the foreclosure of the mortgage as a bar to this suit. It avers the process in said foreclosure suit was duly issued; that the complainant entered his appearance thereto; and that the court had jurisdiction to render the judgment of foreclosure. The complainant has set down the plea for argument, and insists it is insufficient. At common law, if a court has jurisdiction of the parties and the subject-matter, if it may administer full justice, and there may be a trial on the merits, defenses to a foreclosure suit if not set up in time are barred; and it is a general rule that a judgment in such a suit is a bar to another suit relative to the same matter.

The proceeding to enforce a mortgage under the local law of Porto Rico is, however, peculiar, regarding it in the light of common-law practice. The proceeding relied upon was under the local law. It is a summary one. It does not admit of a trial upon the merits. The owner of the mortgage merely presents to the court a writing setting forth that the debt exists, and various other matter which need not be enumerated; and also the mortgage and the record as to it, with the certificate of the registrar that it has not been canceled. An order is thereupon made that a summons issue against the party in possession of the property, but only to allow its payment. Thirty days thereafter the order of sale is made, and then the sale occurs after due notice. Article 175 of the General Regulations for the Execution of the Mortgage Law of Porto Rico provides that this summary proceeding cannot be stayed except upon certain

*Forteza y Pena v. Principe y Vasquez.*

grounds therein enumerated; and they do not admit of a defense to a mortgage like that asserted in the bill. This is left to what is called a "declaratory suit," in nature like this one. It does not appear in this case if the property has been sold or has passed into the hands of a third party. If so, it may control relief in this case; but as the record now stands the plea is insufficient. Its averments must be judged by the law under which the proceeding to foreclose the mortgage was prosecuted. The objection to the plea is, therefore, sustained.